IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMARA MICHELLE RAGSDALE, | ) | |
| ID # 30699-177, | ) | |
| Movant, | ) | No. 3:07-CV-0292-D (BH) |
| vs. | ) | No. 3:03-CR-0072-D (02) |
| | ) | ECF |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

A. Nature of the Case

Movant, a current inmate in the federal prison system, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 to challenge her federal conviction and sentence in Cause No. 3:03-CR-0072-D. The respondent is the United States of America (government).

B. Factual and Procedural History

On March 26, 2003, the government indicted movant and her husband for conspiracy to mail obscene material and for mailing obscene material.[1] (See Indictment, doc. 1.)[2] The case proceeded to trial, and a jury found her guilty on all counts on October 22, 2003. (See Jury Verdict, doc. 91.)

---

[1] The alleged obscene material was videotapes depicting rape.

[2] All document numbers refer to the docket number assigned to the pleading in the underlying criminal action, No. 3:03-CR-0072-D.

On March 8, 2004, the Court entered judgment upon the jury verdict and sentenced movant to thirty months imprisonment. (*See* Judgment, doc. 121.) On September 27, 2005, the Fifth Circuit Court of Appeals affirmed the conviction. *United States v. Ragsdale*, 426 F.3d 765, 768 (5th Cir. 2005), *cert. denied*, 546 U.S. 1202 (2006).

Movant filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 through retained counsel on February 13, 2007. Movant asserts that she is entitled to relief under § 2255 because she received ineffective assistance of trial counsel when her attorney failed to file a motion to suppress statements she made to law enforcement personnel. The government has filed a response in opposition to the motion to vacate, and movant has filed a reply to that response.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts that her trial attorney rendered ineffective assistance of counsel by failing to file a motion to suppress incriminating statements she made to law enforcement personnel while she was involuntarily detained during the execution of a search warrant at her home. She argues that had her attorney filed such a motion, the Court would have suppressed the statements, and that the result of her trial would have differed.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. To successfully state a claim of ineffective assistance of trial counsel, movant must generally demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). A failure to establish either

of these prongs generally requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696.

To succeed on her ineffective-assistance claim, movant must show a deficiency of counsel that prejudiced her defense. *See id.* at 687. A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient under *Strickland*, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. On collateral review, the federal courts do not second guess an attorney's decision through the distorting lens of hindsight, but rather the courts presume that "counsel's conduct falls within the wide range of reasonable professional assistance . . . [and], under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

An alleged failure to file a motion to suppress evidence gained in violation of the Fourth or Fifth Amendment is properly brought as an ineffective assistance claim on federal collateral review. *Kimmelman v. Morrison*, 477 U.S. 365, 383-91 (1986) (addressing a Fourth Amendment claim); *United States v. Knezek*, 3 F.3d 436, 1993 WL 346914, at *1-2 (5th Cir. 1993) (per curiam) (addressing a Fifth Amendment claim). Nevertheless, the "failure to file a suppression motion does not constitute per se ineffective assistance of counsel." *Kimmelman*, 477 U.S. at 384. Even in light of such failure, movant must show that the failure equates to deficient representation and actually

3

prejudiced her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show actual prejudice in the context of a failure to competently litigate suppression of unconstitutionally obtained evidence, a movant must show a meritorious Fourth or Fifth Amendment violation and "that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman*, 477 U.S. at 375 (addressing issue in context of Fourth Amendment).

As recognized in *Miranda v. Arizona*, 384 U.S. 436 (1966), the Fifth Amendment's "prohibition against compelled self-incrimination require[s] that custodial interrogation be preceded by advice to the putative defendant that he [or she] has the right to remain silent and also the right to the presence of an attorney." *Edwards v. Arizona*, 451 U.S. 477, 482 (1981). *Miranda* "and its progeny in th[e United States Supreme] Court govern the admissibility of statements made during custodial interrogation in both state and federal courts." *Dickerson v. United States*, 530 U.S. 428, 432 (2000). "Custodial interrogation" means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444. The latter situation arises "when a reasonable person in the position of the suspect would understand the situation to constitute a restraint on freedom of movement to the degree that the law associates with formal arrest." *United States v. Gonzales*, 121 F.3d 928, 940 n.6 (5th Cir. 1997).

A failure to give *Miranda* warnings can require consideration of both the Fourth Amendment prohibition against illegal searches and seizures and the Fifth Amendment right against compulsory self-incrimination. *See Oregon v. Elstad*, 470 U.S. 298, 305-06 (1985). Nevertheless, "[t]he prophylactic *Miranda* warnings . . . are 'not themselves rights protected by the Constitution but [are] instead measures to insure that the right against compulsory self-incrimination [is] protected.'" *Id.*

4

at 305 (quoting *Michigan v. Tucker*, 417 U.S. 433, 444 (1974)). The Fourth Amendment exclusionary rule can be used to exclude statements and confessions obtained in the absence of *Miranda* warnings. *Id.* at 305-06.

In this instance, there is no dispute that movant's trial attorney failed to file a motion to suppress. Nor is there any dispute that the government used her answers to questions posed to her during the execution of a search warrant at her home against her at trial. The dispute in this case centers around whether counsel provided deficient representation under the facts of this case by failing to file a motion to suppress those statements. Relevant to this issue is a determination of whether the questioning occurred in the context of custodial interrogation so as to implicate the Fifth Amendment's protection against self-incrimination. For purposes of these findings, the Court presumes, without deciding, that the questioning occurred within the context of custodial interrogation.

Even with such presumption, the Court finds that counsel did not fail to provide effective representation. The record reflects that trial counsel was well aware of the circumstances surrounding movant's statements to law enforcement officers during the execution of the warrant at her home. The record further reflects that the failure to file a motion to suppress was part of a reasoned multi-pronged defense strategy. Movant pursued a combined defense with her husband based on their belief that their actions were legal because they been told that a legal advisor had so indicated. A portion of the statements made during the custodial interrogation shows that movant specifically told the interrogator such belief. At trial, defense counsel sought to introduce movant's statements to the interrogator into evidence under the rule of optional completeness. Furthermore, movant's trial testimony was consistent with statements given during the search of her home, and

this consistency bolstered her defense that she did not believe she was doing anything illegal. Notably, nothing of record indicates that movant did not want to testify at trial. She has provided no affidavit that she would not have testified had counsel successfully pursued a motion to suppress or otherwise pointed to evidence in the record to support this assertion. If counsel knew from the outset that movant intended to testify at trial, he would have had no reason to move to suppress the statements she gave to the interrogator.

Movant's defense also included a theory that she was a devoted wife who simply followed directions from her husband even though she did not want to get into the video business, and this theory was introduced through her testimony. Movant's defense also focused on the fact that the government had waited five years to pursue federal charges and treated her unreasonably during the arrest of her husband and execution of the search warrant – exhibiting a strategy to sufficiently outrage the jury so as to obtain her acquittal. Suppression of movant's statements to the interrogator would not have advanced these defenses.

Under the facts of this case, movant has simply not overcome the presumption that counsel's actions were the result of sound trial strategy. *See* 466 U.S. at 689. Consequently, movant's claim of ineffective assistance of counsel fails.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

SIGNED this 10th day of March, 2008.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE